there is not a debt is good evidence on this plea. A promise of an infant is absolutely void. A contract must imply an assent, but he cannot assent. Nil debet is a good plea where there is no debt. 3 Com. Dig. 165; 5 Com. Dig. 240. Infancy may be given in evidence on non assumpsit (Darby v. Boucher, 1 Salk. 279), although it is otherwise in case of a deed (Zouch v. Parsons, 3 Burrows, 1805; Whelpdale's Case, 5 Coke, 119). A promise of an infant is as void as a bond of a feme covert. It is clear that on non assumpsit it may be given in evidence. Gilb. Ev. (Old Ed. 164. There is a difference between non est factum and non assumpsit. On the latter plea it may be given in evidence. Solemn contracts, which require delivery, are voidable only; but simple contracts are void. If plaintiff can show that the note was given for necessaries, he may do it on nil debet. The general principle is, that infancy may be given in evidence on the general issue. 1 Salk. 278; Buller, 152; Gilb. Com. Pl. 64, 65; Loft's Gilb. Ev. 368, 369; 4 Bac. Abr. 61; 1 Sid. 51; 12 Vin Abr. 76.

Noblet Herbert, in reply. In cases of usury and coverture, the instrument is absolutely void. But in case of infancy, it is only voidable. There is a difference between a note and an account. A note reduces the matter to a certainty, but an account does not. The act of Virginia, also, which gives an action of debt upon a promissory note, makes a difference, and puts it on the ground of a specialty. The authorities, which say it may be given in evidence on the general issue, mean in actions of assumpsit, not in actions of debt. See Trueman v. Hurst, 1 Term R. 40; Crantz v. Gill, 2 Esp. 472; Clare v. Earl of Bedford, 1 Strange 168; 13 Vin. Abr. 536; 2 Strange, 1101.

THE COURT, having taken time to consider, decided (nem. con.) that infancy cannot be given in evidence, on the plea of nil debet to an action of debt on a promissory note, being of opinion that it is not void, but voidable. See Hyer v. Hyatt [Case No. 6,977], at Washington, December, 1827.

## Case No. 18,153.

YOUNG et al. v. BLACK.

[1 Cranch, C. C. 432.] [1]

Circuit Court, District of Columbia. July Term, 1807.

NON JOINDER OF PLAINTIFF.

Upon a joint shipment and orders by three persons. the master is not liable to an action by two of them only, for breach of those orders, unless he has expressly promised to pay them their proportion of the damages.

Assumpsit for disobedience of orders. The first count of the declaration stated a cargo shipped jointly by plaintiffs and one Lawra-

son, and joint orders from all three, and an express promise in writing by the defendant to obey those orders; and a breach of the orders; and averred that if the defendant had obeyed the orders and brought in a cargo of salt, the profit of the plaintiffs on the sale of that salt would have been fourteen hundred and thirty-five dollars; by reason whereof the defendant became liable to pay that sum to the plaintiffs, and being so liable, the defendant, in consideration thereof, promised the plaintiffs to pay that sum to them on demand. The second count was like the first, but upon another breach of the orders. The third, was indebitatus assumpsit for goods sold and delivered. The fourth, money had and received. The fifth, insimul computasset.

THE COURT, upon the prayer of Mr. Swann, for the defendant, decided (nem. con.) that the plaintiffs, Young and Deblois, could not recover without evidence of an express promise to pay them their proportion of the damages for the breaches alleged. And that the orders, &c., were not evidence of such express promise, nor were they evidence on either of the three last counts. The plaintiffs became nonsuit.

---

YOUNG (BUTLER v.). See Case No. 2,245.

---

## Case No. 18,154.

YOUNG v. CHIPMAN.

[Nowhere reported; opinion not now accessible.]

---

YOUNG (CLAPP v.). See Case No. 2,786.

---

## Case No. 18,155.

YOUNG et al. v. COLT.

[2 Blatchf. 373.] [1]

Circuit Court. S. D. New York. May 14, 1852.

INFRINGEMENT OF PATENT—CROSS BILL FOR DISCOVERY.

1. A defendant in a suit in equity founded on the infringement of a patent, can not, by a cross-bill which sets up no color of title in himself, demand a discovery from the plaintiff in the original suit as to the source or validity of his title.

[Cited in Stonemetz Printers' Machinery Co. v. Brown Folding-Mach. Co., 46 Fed. 852.]

2. It is essential to a bill of discovery that it should set forth a title sufficient to support or defend a suit, and pray a discovery pertinent to that title and nothing beyond. And, where it cannot be sustained as a bill for discovery, it cannot be retained for the purpose of relief. unless it makes a case for relief independently of the discovery sought.

[Cited in Home Ins. Co. v. Stanchfield, Case No. 6,660.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]