Wilde, J.,
delivered the opinion of the Court. Application is made, in this case, to set aside the nonsuit ordered at the trial, on the ground, either that the demandants are entitled to recover upon the evidence admitted, or that competent evidence was rejected.
It must be manifest, that, if any title passed by the vote of 1684, it extended to the whole tract described in the vote ; and that the location of its divisions and subdivisions can have no influence in the determination of the cause.
But it is objected, that corporations can only grant by deed, and that nothing passed by the vote.
It is not necessary to decide what might be the force of this objection, if applied to a new question, referring to a recent transaction ; since, in relation to ancient title, we consider the question settled by long-established practice, and by cases decided. By the Colony law of 1636, “ Authority was given to the freemen of every town to dispose of their lands, to grant lots, &c.” And by another Colony law, provision was made “ to empower proprietors of lands lying in common to manage, improve, dispose of, and divide the same, as should be concluded by the major part of those interested.”
[*417] *By an early construction given to these acts, it was holden, as we learn by tradition, and from reported cases, that towns and proprietors in common had authority under them to alienate their lands, and that a vote to this effect, without deed, was sufficient. A practice in conformity to this construction has, very extensively, and for a great length of time, prevailed *365 Partitions among proprietors, separate locations, and alienations of common lands, have been frequently, and formerly perhaps most commonly, made by vote ; and copies of such votes have been uniformly received in our courts as competent evidence of title.
This construction and practice- have been confirmed by the authority of recently decided cases. In the case of Codman & al. vs. Winslow,(1) it was determined, that the vote of proprietors of common lands, accepting and confirming certain locations reported by their committee, was good and sufficient to establish such locations. And in Jldams vs. Frothingham,(2) votes of the town of Newbury, granting lands, were held sufficient to pass the title of the town.
Upon these principles, there can be no doubt that the proprietors. of the outward commons, by their entry in 1729, became seized of the whole tract described in the vote of the town ; and that the evidence as to the allotments must, therefore, be wholly irrelevant.
Another view of the cause will show the propriety of excluding the oral testimony. This was offered, not to show the original location of the several divisions and allotments (the memory of no witness can be presumed to extend to so remote a transaction), but with a view to establish lines since run by proprietors of the small lots, and corresponding possessions ; by the limits of which an overplus might appear to remain -between the lots in the first division, and the lots in the second division. But these proprietors are not parties to this suit ; and, if they were, their lots could not be limited, by such evidence, within their proper extent, as established by the original allotments. If any mistake has * been made in their lines, [ *418] it may yet be corrected ; unless adverse possession and lapse of time should prevent. But, however this may be, it can be no evidence of title in the demandants, who have had no possession of any part of the land in question for nearly a century.
We therefore think, very clearly, that the evidence rejected was irrelevant to the cause, that the demandants have failed to support their declaration, and, therefore, that the nonsuit must stand.†

Costs to the tenant.

10"> 10 Mass. Rep. 146.

 3 Mass. Rep. 352.

 Vide note to Mayo et al. vs. Libby, ante, 347.