Parker C. J.
Upon the first issue several questions of law have arisen, growing out of objections made at the trial. In the first place, it is insisted that the covenant declared on as a deed, was not proved to be the deed of the defendants by legal evidence, the seals being the individual seals of the several persons who acted as a committee of the town, and not the seal or seals of the inhabitants in their corporate capacity. And we think that in no sense can the instrument be *373 construed to be the deed of the inhabitants. It may be questionable whether the inhabitants of a town can contract by deed ; for though they are corporations to some purposes, or what has been called quasi corporations, they have not the distinguishing trait of corporations, that of a common seal; but must act by a vote at regular meetings ; and a vote properly passed will convey lands, as has been held in many cases of titles derived from towns.[1] Whether a vote expressly authorizing an agent or agents to make a deed of land, or other contract under seal, would, if executed according to the power, become technically the deed of the inhabitants, need not now be determined, as no such authority is proved in the present case. This issue therefore should have been found for the defendants. All the other issues, therefore, which apply to the first count, may be considered immaterial; but as the merits of the dispute between the parties are involved in some of them, it will be proper to state the opinion of the Court upon the various points which have been presented for their consideration.
It was objected at the trial, that the superintending com mittee, as such, had no power or right to enter into the contract for building the meetinghouse, either by deed or otherwise, and the second issue was framed to try this question. We think that the vote of the inhabitants gave to this committee authority to enter into the contract. To superintend the building of the house, includes the power to make the necessary contracts, since it does not appear that any other committee or agent was entrusted with this power, and since the making of contracts is essential to the building of the house ; and although the power given did not extend to the making a contract by deed, yet the contract under the seals of the committee, connected with the vote of the town, is admissible and sufficient evidence of a contract by the town. There is a difference between an agent executing a sealed instrument, thereby intending to bind his principal, which *374 principal is an individual, and the agent of a corporation doing the same thing with the same intent. In the former case the seal may, by a prior authority, or subsequent adoption, be the seal of the principal ; and if there be no such authority, it shall bind the agent as his own act and deed. In the latter case the seal can never be that of the corporation ; for they have but one common seal, and that can never be changed except by authority emanating from the power which ere ated the corporation ; and it can be put to an instrument only in pursuance of a vote of the corporation, or by the officer who may be the keeper and entrusted with the use of it. Their agent therefore, who contracts for their use under his own seal, does not bind the corporation in a deed ; though if he had authority to make the contract, it shall be binding upon them as evidence of such contract. The cases of Randall v. Van Vechten, 19 Johns. R. 65, and Bank of Columbia v. Patterson’s Adm’r, 7 Cranch, 305, are satisfactory authorities upon this point.[1]
The third issue presents the question, whether the place for erecting the meetinghouse was lawfully designated by the locating committee, so as that the plaintiff had a right to proceed in the execution of the contract by erecting it on the spot where it stands. The objection is, that three were appointed on this committee, and that two of them only concurred in this designation, the third dissenting. If this body were strictly a committee of the town, without doubt a report of a majority to the town would have been sufficient. But we think they are not to be viewed in this light, but rather as commissioners or agents entrusted with a particular authority ; and as ' such they could only act together, and their united voice would be necessary to bind their constituents, no. power having been given by the vote of the town to act by a majority. The cases cited by the defendants’ counsel sufficiently show, that a delegation of power to two or more, must be executed by all, to be effectual, unless it *375 should appear that it was intended a majority should act. This however does not apply to the proceedings of public bodies, or their committees of inquiry, for in these instances the usage has always been, and the common law is so in relation to corporations, that they are to act by a majority.[2] But such committees are a part of the whole body, representing the whole on the subject committed to them, and they therefore partake of the qualities and enjoy the power of the constituent, unless restricted by the terms of their appointment. When however authority is given to persons not members of the body to do any particular act, such persons are the agents or commissioners of the corporation, and not technically a committee, and they are to be regulated by the principles which apply to other agencies. Besides, we do not think the report of these commissioners would have been binding upon the town, even if they had all concurred ; for these were not two parties who had referred this question to the arbitration of these gentlemen. The town alone was a party, and the commission was given with a view to produce a result which should be satisfactory to the inhabitants, they nevertheless retaining the right to reject the opinion which should be formed.
It will not be contended, that had the town fixed upon a site for the meetinghouse by vote of the inhabitants, at a regular meeting, they would not have had the right, at another regular meeting, to have rescinded that vote and to have designated another site. Surely then they were not bound by the opinion of those whom they had appointed to select a spot for them. The plaintiff was no party to this transaction, and had no right to determine for himself that the place was conclusively designated. This issue should have been found for the defendants, because the locating committee had not in a legal manner designated the place where a meetinghouse should be built.
The fourth and fifth issues may be considered together, because they present the question, whether the place on *376 which the meetinghouse was built, was legally designated f°r that purpose by the superintending committee. The jury have found both these issues for the defendants, and we think" properly from the facts submitted to them. The superintending committee, at the time of doing this act, con sisted of sixteen persons, three having been added by the town to the former number, thirteen, with a view probably to insure a majority against the proceedings which a majority of the first committee would have sanctioned. We think there - can be no doubt of the power of the town to increase their committee. They might have entirely revoked the powers given, and surely might control the execution of them by adding to the number first chosen those who would at tend to the wishes of a majority of the inhabitants. Every member of the committee thus appointed had a right to his vote on the question, and if any one was excluded by mistake or design of the chairman, the proceedings of the others could not be regular, provided the act to be done was to be conclusive as to the selection of a place. Now the jury have found that two of the newly appointed members were prevented from taking part in the deliberations, and that they with six of the old members withdrew. The minority left, under these circumstances, had no power to act or decide. It is true that all the members being assembled, or perhaps if only duly notified, a majority of those present have authority to proceed, if a majority of the whole number are present. But we cannot think that if a major part withdraw in the belief that they, or any of them, are to be prevented from acting, the minority can assume the powers of the whole body. A major part of the whole is necessary to constitute a quorum, and a majority of such quorum may-act. In this respect we think there is a difference between the constituent body and the agent. In the former, those who assemble, all being duly warned, have the power of the whole, unless some number is established by law, charter, or by-law, as a quorum. In the latter, the power is delegated to the whole number constituting the agency ; and though convenience requires and usage has established the *377 right of acting by majorities-, neither will sanction the exercise of the power by minorities.[1]
The sixth issue was maintained on the part of the defendants by the production of a vote of the inhabitants passed on the 10th of April 1820, and by other votes discharging the superintending committee and appointing another in their stead, and disagreeing to the place designated by the locating committee, and by showing notice to the plaintiff. The legal question arising on this part of the case is, whether the notice of these proceedings was given to the plaintiff before he had begun to build in pursuance of the contract. The jury have returned, that before this notice was given, he had entered into a contract for the boarding of his laborers, and that he had prepared some of the window frames and sashes for the building. This no doubt was a beginning to execute the contract, but it was not a beginning “ to erect the meetinghouse on a place designated by a committee of said inhabitants duly authorized for that purpose,” as set forth in the writ, according to the words of the contract; and we think the inhabitants had full right to designate the place for themselves at any time before the ground should have been prepared for erecting the frame, they indemnifying the plaintiff for any extra labor and expense which their fluctuating proceedings may have exposed him to. And this, it appears, they were ready to do. Why the plaintiff should have persisted in the execution of the contract, against the declared sense of the town under these circumstances, cannot be accounted for, unless he is to be indemnified by that part of the inhabitants whose wishes he seems to have yielded to.
We think he cannot, under any view of the facts in this case, be entitled to recover on the contract declared upon ; oecause, first, he cannot recover in the form set forth in the first count, the instrument not being the deed of the inhabitants ; and secondly, because although the same instrument is sufficient, to prove a contract, under which he might recover on the second count upon a sufficient breach alleged and *378 proved, yet that no breach is proved which entitles him to recover the sum sued for, as a debt. His remedy is for damages, and not for a debt certain.[1] We are inclined to think, that had he brought assumpsit upon the contract, alleging his expenses incurred under it, and that the town had unreasonably neglected or refused to designate a place, so that he was prevented from executing the contract, and it should appear that he had acted bond fide, and was in no fault himself, he would recover due compensation for his labor and expense previous to the erection of the house, and perhaps for any loss of profits upon the contract; but as the case now stands, judgment must be rendered for the defend ants.

 Springfield v. Miller, 12 Mass. R. 417 ; Thomas v. Marshfield, 10 Pick. 364 ; Adams v. Frothingham, 2 Mass. R. 352. See Pike v. Dyke, 2 Greenl 213.

 See also Fleckner v. Bank of United States, 8 Wheat. 357, 358 ; Bank of United States v. Dandridge, 12 Wheat. 68 ; Per Chase J. in Bank of United States v. Norwood, 1 Harr. & Johns. 426 ; Angell and Ames on Corporations, 7, § 3, p. 121 ; c. 8, § 3, p. 153 et seq

 See Ex parte Willcocks, 7 Cowen, 402 ; Rex v. Whittaker, 9 Barn. & Cressw. 648 ; Angell and Ames on Corporations, c. 13, § 7, 8, p. 280 et seg. ; Blacket v. Blisard, 9 Barn. & Cressw. 851.

 See ante, 332, note 1.

 See Bullard v. Bell, 1 Mason, 290 ; Wilson v. Lenox, 194 (Pet Cond Rep. 292 and note) ; United States v Colt, 1 Peters’s C. C. R. 145.