THE MINISTER, ELDERS and DEACONS OF THE REFORM-
ED PROTESTANT DUTCH CHURCH OF SCHENECTADY *vs.*
VEEDER.

Where a grant is made to individuals for the use of a *church* which at the
time of the grant is not incorporated as such, the persons to whom the
grant is made stand seised to the use; and when the church afterwards
acquires a legal capacity to take and hold real estate, the statute executes
the possession to the use, and the estate vests.

To support a *release*, granted in 1716, of the rent and reversion of demised
premises to individuals for the benefit and support of a church, a previous
conveyance conferring a lesser estate will be presumed.

The support of the *gospel* is a sufficient consideration to render valid a re-
lease.

In a suit by a religious corporation founded on a conveyance, it is not neces-
sary to aver a capacity in the corporation to take.

DEMURRER to declaration in covenant for rent, contain-
ing two counts.   In the *first count* it is stated that on the
24th February, 1716, Ryert Schermerhorn and four other
persons patentees in trust for the (then town, now) city of
Schenectady, demised to Peter Vrooman in fee certain prem-
ises, subject to certain rents, and that in pursuance thereof
the lessee entered ; that being so seised of the rents, the les-
sors, on the 6th October, 1716, by a certain indenture under
seal, remised, released and forever quit claimed the same
rents unto Garret Simonse, John Delamont and four others,
elders and deacons of the Reformed Nether Dutch Church
of the town of Schenectady, and to their successors in the
said offices of elders and deacons in the said church forever,
for the benefit and support of the church and congregation
and the minister thereof for the time being, whereby the re-

leasees became seized of the rents as joint tenants in fee sim-
ple; that all the releasees except John Delamont died, and
he, surviving them, became solely seised of the rents; that in
1771, John Delamont also died, and the rents descended to
Abraham Delamont, the son and heir of the last survivor,
who, in 1772, by an indenture of release and confirmation,
granted, ratified, approved, remised, released, conveyed and
confirmed unto the plaintiffs and to their successors and as-
signs in fee the said rents, whereby the plaintiffs then and
there became seised of the same in fee simple.    The plain-
tiffs then aver that on the first May, 1824, they were duly
elected and appointed the minister, elders and deacons of·
the said Reformed Dutch Church, and became and were the
lawful successors of the minister, elders and deacons in the
last indenture mentioned; that as such successors, and by
virtue of the statute in such case made and provided, they
became seised of the rents.    And they further aver that on
the 25th March, 1814, all the estate of the original lessee in
the demised premises came to and vested in the defendant by
assignment, who entered; and that eleven years' rent had
become due and remained unpaid.    In the *second count*, af-
ter stating the original demise and release to Garret Sy-
monse and others, the plaintiffs aver that on the 1st May,
1824, they, the plaintiffs, were duly elected and appointed
the minister, elders and deacons of the *Reformed Nether
Dutch Church of the town of Schenectady*, then known by the
name, style and description of *the Reformed Protestant Dutch
Church of Schenectady*, and then and there became and were
the *successors* of Garret Symonse and the five others, as the
minister, and the elders and deacons of the said Reformed
Nether Dutch Church of Schenectady, and as such succes-
sors, and by virtue of the statute, &c. became seized of the
said rents.    Then follow averments of the assignment of the
estate of the original lesee to the defendant, her entry and the
accruing of rent, &c.

The defendant craves oyer of the original lease, the release
to Simonse and others, and the conveyance from the heirs of
John Delamont, and demurs to the whole declaration.    The
plaintiffs join.

NEW-YORK,
May, 1830.

Reformed
DutchChurch
v.
Veeder.

NEW-YORK,
May, 1830.

Reformed
Dutch Church
v.
Veeder.

M. T. Reynolds, for defendant.

A. C. Paige & A. Van Vechten, for plaintiffs.

By the Court, SAVAGE, Ch. J.  The demurrer being to both counts of the declaration, if either is good the plaintiffs will be entitled to judgment.  I will consider the objections to both counts.

It is objected that the release from the patentees to the elders and deacons, being given tò parties not in possession, passed no interest.  It is true that a release is not the appropriate conveyance by which to transfer a rent.  Technically it is given to some person having an interest in the premises, upon which the release is intended to operate.  There can be no doubt that in this case the release was intended to operate by way of passing the estate; and rather than the intention of the parties should be defeated, the court might presume a previous lease, conveying a lesser estate in the estate intended to be conveyed.  It was intended, however, as an assignment.  Perhaps we might give it effect as a release.  The releasors held the estate in trust for the people of the town of Schenectady.  The releasees, as inhabitants of the town, had an equitable interest in the very rent; they were a part of the *cestuis que use*, and, under the circumstances of this case, had all the possession of which the subject was susceptible, to enable them to receive a release.  I am inclined to think it sufficient.

Nor is there a substantial objection as it regards the consideration.  There is indeed no pecuniary consideration; but the support of the gospel in a christian country is a sufficient consideration.  The conveyance being to the elders and deacons by name as individuals, the legal estate is supposed by the first count to be in them; and they holding as joint tenants, the estate survived to the last liver and descended to his heir at law, who, in 1772, conveyed to the minister, elders and deacons of the Reformed Protestant Dutch Church, which is the style of an incorporation granted in 1734 to the society before known as the elders and deacons of the Nether Dutch Church in Schenectady.  To this con-

veyance it is objected that there is no averment of a capaci-
ty to take real estate. Our statute gives this capacity to re-
ligious incorporations, which seems to render any such aver-
ment unnecessary; and it may fairly be presumed the cor-
poration in 1772 possessed the same capacity. In the se-
cond count this release is not stated; but it is averred that
the elders and deacons being seised by virtue of the release
from the patentees to the use of the church, the plaintiffs
were duly elected the minister, elders and deacons of the
Nether Dutch Church, now known by the title of the minis-
ter, elders and deacons of the Reformed Protestant Dutch
Church, and so became the successors of the elders and dea-
cons of the Nether Dutch Church, deriving title directly from
the releasors, and not through the heir of the last survivor.
Our statute, (2 R. L. 212,) directs how a church may be-
come incorporated, and that the trustees of any church are
authorised to take possession of the temporalities belonging
to such church, whether real or personal estate, and whether
the same may have been conveyed directly to such church
or to any other person for their use. Under this statute the
present plaintiffs were authorized to take possession and en-
joy the rent in question; and under the statute of uses, the
legal estate is vested in the *cestui que use*, after such quality,
manner and form as they had in the use. (1 R. L. 72. 1
Cranch, 432, s. 6.)

Before the incorporation of the plaintiffs, there was no
person *in esse* capable, as *cestui qui use*, to take the estate;
and then the persons who were described as elders and dea-
cons stood seised to the use. There was indeed a church,
but not incorporated; and when the church received legal
capacity to take and hold real estate, the statute executed
the possession to the use, and the estate vested. The aver-
ment in the declaration that the plaintiffs were elected the
minister, elders and deacons, &c. 1 understand alludes to their
first receiving a corporate capacity; for previous to that
time it is averred Garret Symonse and others were seised of
the estate in question. This is the view of the case presented
by the second count.

NEW-YORK,
May, 1830.

I confess, I think the plaintiffs' title strongest under the first count, according to which the title may be stated thus: Ryert Schermerhorn and others held the land in trust for the town of Schenectady. They were patentees, and had the legal estate. They leased to Vrooman, reserving the rent in question. This rent they soon after transferred by release to Garret Symonse and five others, in trust for the use of the Nether Dutch Church. Garret Symonse and the other five trustees died, John Delamont being the last survivor. The church, in the mean time, had been incorporated, and the heir at law of John Delamont holding the legal estate, conveyed to the church by its corporate name: which church, though by a different name, is represented by the plaintiffs and sues for the rent.

I think the title good; and if so, the plaintiffs are entitled to judgment on the demurrer, with leave to the defendant to plead on payment of costs.