Wilde J.
delivered the opinion of the Court. This process is founded on St. 1826, c. 81, which authorizes the town of Marshfield to build a sea-wall, palisade, or hedge fence, for the purpose of preserving and securing Marshfield beach and for other purposes. The 7th section provides, “ that if any *373 person has a legal title in or to said beach, or any part thereof, he shall have a right to a compensation in damages, for any injury he may sustain under any of the provisions of the said statute.” The complainant alleges, that at the time of passing the statute, he had a right of commonage for his neat cattle, horses, and sheep, and he claims compensation for the damage he has sustained, under this statute, which prohibits the going at large of all neat cattle, horses and sheep, under cer tain penalties. There seems to be no doubt that a right of common of pasture is such a title in the land as may sustain, a claim for compensation under the statute. A commoner is not the absolute owner of the soil, but he has a special and limited interest in it; and the statute was intended to provide for compensation for damages to every one who had a legal title, whether it was absolute or limited. Therefore the main question is, whether the complainant had a right of common, as is alleged in the complaint. He relies on two titles ; first, a title by prescription to a right of common as appurtenant to his farm ; and secondly, a title by grant from the town of Marshfield.
The arguments have been confined to the latter title; it being understood that if this title should not be considered valid, a new trial is to be granted. Some of the objections to the grant do not appear to be well founded. The law'is now settled, that a grant by vote of a town, is by our laws good without a seal. Springfield v. Miller, 12 Mass. R. 417. And it is clearly not necessary to show any consideration for the grant.
But two objections have been made, which we think have not been, and cannot be satisfactorily answered.
1. The first objection is, that the grantees are not named nor designated with sufficient certainty.
2. The other objection is, that some of the intended grantees were not capable of taking, not being in existence at the time of the grant.
With regard to the first objection, it is not essential to the validity of a grant, that the grantee or grantees should be named ; but if. not named, they must be ascertained by description, so as to be distinguished from all other? ; and any *374 uncertainty in this respect will render the grant void. The grant in question was made to the inhabitants of a certain neighbourhood, but the neighbourhood is not defined with sufficient certainty, and its exact limits have not been ascertained.[1]
But if this difficulty could be avoided, an insuperable one remains. It was the intention of the town, that the right of common should be held in succession. It was a grant not only to those who resided in the neighbourhood at the time of the grant, but to those also who might reside there after-wards. And as this intention cannot prevail, the object of the grant is defeated. If, however, it gave a right to those residing in the neighbourhood at the time, they only took by the terms of the grant, an estate for life ; and if it had been a grant to them and their heirs, it would not aid the complainant, for he does not claim as heir. It is impossible for him, therefore, as the law and the facts are,'to maintain any tide under this grant.
As to the title by prescription no opinion is given, it being understood that the complainant’s title by grant failing, a new trial is to be had on the issue as to the other title.[1]

New trial granted.

 See Jackson v. Sisson, 2 Johns. Cas. 321 ; Reformed Dutch Church v. Veeder, 4 Wendell, 494 ; Duncan v. Beard, 2 Nott & M'Cord, 400.

 See Thomas v. Marshfield. 13 Pick. 240.