# Staunton.

## FRENCH v. WILLIAMS.

### OCTOBER 7th, 1886.

1. DEEDS—*Construction—Ambiguity—Parol evidence.*—Parol evidence is not admissible to vary, contradict, add to, or explain a written instrument; but in case of *equivocal written instruments* the circumstances under which they were made or facts collateral thereto may be admitted to show the intention of the parties. *Crawford* v. *Jarrett*, 2 Leigh, 630.

2. WAYS—*Appurtenant—In gross—Presumptions.*—A way is never presumed to be in gross when it can be construed to be appurtenant to land; and parties are presumed to contract in reference to the condition of property at the time of the sale.

3. IDEM—*Case at bar.*—M., in his lifetime, owned a tract of land over which from east back street of a town and across to the back mill road, was a roadway fenced on both sides, both termini being on said tract. He conveyed part to F., which part the roadway traversed as well as the part retained. The deed did not recite that he owned the whole tract, nor state that he retained the balance, but says: "The right of way, as used now and heretofore, from east back street of said town leading by the old stone house to the back mill road, is reserved to M., his heirs and assigns." After M.'s death, the part retained by him was conveyed to W. F. contended that the roadway reserved by M. was in gross, and did not pass to W. with the land conveyed to him. W. contended that the roadway was appurtenant to the land retained by M. and passed with it to himself.

HELD:

The right of way reserved through the land conveyed to F. was created by the reservation, and was appurtenant to the land retained, and passed with it to W., and that it was as it was at (and had been used theretofore) the date of the deed to F., and that parol evidence was admissible to show how that was.

Error to judgment of circuit court of Shenandoah county, rendered 4th September, 1884, in the consolidated actions of trespass, in one of which Martin V. French was plaintiff, and W. T. Williams was defendant, and in the other, said Williams was plaintiff, and said French was defendant. The object of these actions was to test the rights of the respective parties to a certain "way," and not to recover damages. All matters of law and fact being left to the presiding judge, the judgment was in favor of Williams, and French obtained a writ of error and *supersedeas* from one of the judges of this court.

Opinion states the case.

*John J. Williams,* for the plaintiff in error.

*Henry C. Allen,* for the defendant in error.

RICHARDSON, J., delivered the opinion of the court.

Prior to the 20th day of December, 1871, Franklin T. Moreland owned and was possessed of a tract of about 270 acres of land adjoining the town of Woodstock on the east. Thus owning and occupying said tract of land, said Moreland had a road or "way" running through and over same "from the back street of said town, leading by the old stone house to the back mill road," which way was fenced in on both sides its entire length. The entire road and its termini were on the land of Moreland, and, as above defined, had existed for many years prior to the sale to French, now to be referred to. On the said 20th day of December, 1871, in consideration of $7,000, paid and to be paid as specified in the deed, said Moreland conveyed to said French one hundred and forty acres, more or less, of said tract. The deed does not in clear and unequiv-

ocal terms describe the land thereby conveyed to French as part of said tract of 270 acres theretofore owned by said Franklin T. Moreland; but as "part of a tract of land conveyed to William Moreland by Mark Bird and William A. Crawford, commissioners, by deed bearing date the 4th day of September, 1855, recorded in the clerk's office of the county court of said county." Then the deed recites: "The part of said tract hereby conveyed is bounded as follows,"—giving the metes and bounds of the *part* thereby conveyed. After describing the land conveyed by appropriate calls for most of the distance around it, the deed contains these calls: "Thence along a road, which is to be the line, S. 82¾ degrees, W. 20 poles and 16 links to a station at the edge of said road; thence N. 89¼ degrees W. 10 poles and 6 links to a Spanish oak at the foot of a hill. and at north edge of said road; thence N. 36¼ degrees W. 14 poles and 9 links to a planted rock at the north edge of said road; thence N. 66¼ W. 89 poles and 23 links (running part of the way with said road) to the beginning." And after the formal part of the deed there is this *reservation* clause: "It is expressly agreed that a lien upon said land for said deferred installments is hereby reserved, and the right of way as now and heretofore used, from the east back street of said town, leading by the old stone house to the back mill road, is also reserved to the said Moreland, his heirs or assigns."

It is conceded that Franklin T. Moreland, at and before the sale to French, was the owner of the entire tract of 270 acres, described in the deed from Moreland to French as the land conveyed to William Moreland by Mark Bird and William A. Crawford, commissioners, and that he (Moreland), after his sale of part thereof to French, continued to own and died seized and possessed of the residue of said tract; and it is further conceded that the deed (which is part of the record) from P. W. Magruder, commissioner, of date 28th September, 1881, to

the defendant in error, W. T. Williams, is for the residue of said tract not sold by Moreland to French, and that the road in question for part of its course traverses the tract of land sold by Moreland to French, and for part of the way is the line called for in the deed from Moreland to French.

French and Williams being thus the owners in severalty of parts of the tract formerly owned by Moreland, complained respectively of each other of alleged wrongs and trespasses in respect of this road or "way." Hence the two suits aforesaid, the one in case by Williams against French, and the other in trespass by French against Williams and als. In the latter suit there were two mis-trials, the jury in each instance failing to agree. Finally the causes were consolidated, and by agreement of parties were referred to Mr. Holmes Conrad, whose decision should be entered as the judgment of the said circuit court; and the causes were heard and decided by him, his decision being in favor of the right of way as claimed by the appellee, Williams. In other words, his decision was that judgment go for the plaintiff in said suit of Williams against French, and for the defendant in the suit of French against Williams; and, damages being waived, that said Williams, as plaintiff in the first named suit, and as defendant in the second suit, have judgment for his costs. And judgment was accordingly so entered by said circuit court. The case is here upon a writ of error to said judgment obtained from one of the judges of this court.

The sole question to be determined by this court is, whether the right of way here involved was intended to be a way in gross, or appurtenant. Whether the one or the other, it was created by express reservation in the deed of a vendor conveying to his vendee part of a tract of land theretofore owned by the vendor, the residue of the tract being retained by the vendor.

It is insisted by the plaintiff in error that the reservation in the deed from Moreland to French of "the right of way as now and heretofore used, from the east back street of said town, leading by the old stone house to the back-mill road to said Moreland, his heirs or assigns, was of a *right in gross,* and not of a right appurtenant; that it was a right exclusively personal to Moreland, and not transmissible by descent or purchase from him; that if, however, any right of way did pass to the defendant in error, Williams, by reason of his purchase and ownership of the residue of the Moreland tract not sold and conveyed to the plaintiff in error, it was only a convenient and adequate way, and not necessarily to the full extent of the existing roadway; and that the greater part of the roadway was embraced in the grant to the plaintiff in error, and that parol testimony cannot be resorted to for the purpose of explaining by the attendant circumstances what was the intention of the parties. In other words, it is claimed that the parties are restricted to the legal effect of the language used in the deed itself, and to it *alone,* for the intention of the parties.

We are clearly of opinion that this contention cannot and should not prevail under the circumstances of this case. The proposition rests obviously upon the well recognized doctrine that parol evidence is not admissible to contradict a written instrument; for it is insisted in support of the proposition that there is nothing ambiguous on the face of the deed, and therefore no necessity to resort to extrinsic evidence. And even the authorities cited *except* cases where the written agreement is not clear, or is not plain and intelligible, or where a question arises as to the general intention of the parties concerning which the instrument is not decisive. 2 Lomax Dig. 527. And in the case of equivocal agreements in writing the circumstances under which they were made may be given in evidence to explain the meaning, ib; *Crawford* v. *Jarrett*, 2 Leigh, 630.

So, in *King* v. *Laindon,* 8 T. R., 384, parol evidence was held admissible to ascertain a fact collateral to the written instrument, to explain the intention of the parties, the instrument being in *some measure* equivocal; the judges (among them Lord Kenyon) all saying "the parol evidence was not produced to contradict, but to explain the written agreement."

In the leading case of *Canal Co* v. *Hill,* 15 Wall., U. S. R., 94, it was held that "to ascertain the intent of the parties is the fundamental rule in the construction of all agreements. * * * * The state of things and surrounding circumstances in which an agreement is made will be looked at as a means of throwing light upon its meaning, especially for the purpose of ascertaining what is its true subject matter."

This court, in *Bank of Old Dominion* v. *McVeigh,* citing *Talbott* v. *R. & D. R. R. Co.,* 31 Gratt., 685, and *Canal Co.* v. *Hill, supra,* said: "To ascertain the intent of the parties is the fundamental rule in the construction of agreements; and in such construction, courts look to the language employed, the subject matter, and the surrounding circumstances. They are never shut out from the same light which the parties enjoyed when the contract was executed, and in that view they are entitled to place themselves in the same situation which the parties who made the contract occupied, so as to view the circumstances as they viewed them, and so to judge of the meaning of words and of the correct application of the language to the things described." See also cases cited.

In view of these principles, the question naturally presents itself, Wherein is the deed from Moreland to French not plain and intelligible, or equivocal in meaning, or is it necessary to ascertain a fact collateral to the deed, to explain the intention of the parties?

The answer is obvious. The tract of land conveyed by Moreland to French is not described in the deed, in terms, as

a part of the tract theretofore owned by the grantor, Franklin T. Moreland, but as part of a tract conveyed to William More-land, who was the ancestor of F. T. Moreland. Nor is it spe-cifically stated in the deed that F. T. Moreland owned the entire tract, or that he retained the part not sold to French. In fact, the failure of the deed to specify that Moreland owned or retained any land to which the "way" reserved could be appurtenant, is strongly urged to uphold the contention that the way reserved was of a right in gross and not of a right appurtenant.

Hence, the absolute necessity, if the substance, and not the shadowy form, of the contract is to be looked to, of resorting to extrinsic evidence to ascertain the true intent and meaning of the parties, by having recourse to the circumstances which surrounded them at the time, and in the light of which they executed the contract. This is all the more important in view of the rule that a way is never presumed to be in gross when it can fairly be construed to be appurtenant to land. Wash. E. and S., 232; and in view of the further rule, "that parties are presumed to contract in reference to the condition of the property at the time of the sale." Wash. E. and S., 79. And these principles are all the more applicable inasmuch as the way here is reserved to "Moreland, his heirs and assigns," language which strongly tends to preclude the idea of a reser-vation in gross. Moreover, the way reserved is "as now and heretofore used," but the deed, whilst it further designates it as "from the east back street of said town, leading by the old stone house, to the back mill road," yet fails to describe the character of way referred to, or whether it was entirely or only in part, over the land conveyed to French.

It is essential to understand all these things in order to uphold and enforce the contract according to its true meaning; and to understand them resort must be had to the real state of

facts and circumstances surrounding the parties when they entered into the contract. It is clear, therefore, that parol evidence is admissible to explain the surroundings, and to enable · the court to place itself in the same situation occupied by the parties who made the contract, and thus, in view of all the attendant circumstances, to judge of the meaning of the words used, and of the proper application of the language to the way which, to say the least, is, in *some measure*, ambiguously described.

Now, looking to the contract as evidenced by the deed, and the circumstances surrounding the parties at the time of entering into it, as explained by extrinsic evidence, we have this case: Franklin T. Moreland owned the tract of land which had been conveyed to his ancestor, William Moreland, over which, from the east back street of the town of Woodstock, and across the said tract of land to the back mill road was a road-way, fenced on either side, through its entire course, the termini of which road-way were on the land thus owned by him, and so owning same, he sold and conveyed part thereof to the plaintiff in error, French, retained the residue which, after his death, was sold and conveyed to the defendant in error, Williams, who still owns the same, the roadway as designated traversing in part the land conveyed to French, and in part that retained by Moreland, and now owned by Williams; and the way thus designated is reserved to "Moreland, his heirs or assigns."

It is, therefore, clear upon both principle and authority, that the right of way reserved was not of a right in gross, but of a right appurtenant to the land retained by Mooreland when he sold to French, and which has come to the defendant in error, Williams, by purchase. Thus came into existence the two distinct and separate estates or tenements implied in the existence of an easement; the one in favor or for the bene-

fit of which it exists, is called *dominant,* and the other, over or upon which it is exercised, is called *servient;* and if at any time these estates are united under one ownership and possession, the easement is at once extinguished. Wash. E. and S. p. 10. Of course, so long as the Moreland tract of land was owned and occupied by one and the same person, no easement was created, or began to be created, in favor of any one part, and operating as a service or burden upon any other part, because the two separate estates necessarily incident to the existence of an easement did not exist.

We may add that the facts admitted and proved in this case put it on all-fours with the case of *White* v. *Crawford,* 10 Mass. R. 183, where a grantor reserved a right of way from a highway to his own farm, and where it was held a right of way appurtenant to the farm. In that case, too, the reservation to the grantor "*or* his heirs," was construed to be a reservation to himself *and* his heirs.

There can be no question that the defendant in error, Williams, by his purchase and the conveyance to him, acquired the full right of property that was in Moreland's heirs to the land conveyed to him, with the right of way appurtenant thereto, through and over the designated roadway as it existed at the date of the deed from Moreland to French.

Clearly there is no error in the judgment of the said circuit court of Shenandoah county, and the same must be affirmed.

JUDGMENT AFFIRMED.