## Wytheville.

### HARRIS AND OTHERS V. THOMAS.

June 16, 1927.

1. DEEDS—*Conveyance of Alley—Case at Bar.*—A landowner conveyed to a mill company, an adjoining landowner, a half interest in an alley ten feet wide on the west side of his lot. The topography of the granted alley was such that it could not be used as an alley without the expenditure of a considerable sum of money to fit it for such use. The executors of the landowner divided his lot into two lots and sold them at public auction; one to appellee and the other to appellants. The deed of the executors to appellants described the lot as running back to the property of the mill company. The deed provided that the ten feet at the rear of the property was subject to the joint use of the mill company and the grantees; and conveyed to the grantees the right, title and interest of the deceased landowner in the ten foot alley "immediately south of the property herein conveyed." Appellants claimed the right to use the alley for its entire length as appurtenant to the grant to them of their lot.

   *Held:* That no interest was granted to appellants in so much of the alley as lies in the rear of the lot of the appellee, the way not being one of necessity.

2. EASEMENTS—*Conveyance of Appurtenances.*—The owner of land to which there is a right of way appurtenant may convey the land without the appurtenance, if he chooses, and where the way is not a way of necessity, and the appurtenance is excluded by the grant, it will not pass by a grant of the land.

Appeal from a decree of the Corporation Court of the city of Danville. Decree for defendant. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Malcolm K. Harris,* for the appellant.

*Meade & Meade,* for the appellee.

BURKS, J., delivered the opinion of the court.

Appellants filed their bill against the appellee to enjoin him from obstructing an alley over which they claimed a right of way. The trial court refused the

injunction and dismissed the bill at the costs of the complainants. From that decree this appeal was taken.

John E. Hughes owned certain land in the city of Danville, at the corner of Craghead and Newton streets. The property of the Danville Knitting Mills adjoined him on the west. A rough sketch of these properties, not drawn to scale, is hereto annexed.

By deed bearing date March 12, 1917, Hughes con-

veyed to the knitting mills the irregular shaped lot shown on the sketch. This left Hughes with the rectangular lot marked "John E. Hughes," fronting 174 feet on 'Craghead street, and ninety-nine feet on Newton street. By the same deed, Hughes conveyed to the knitting mills an undivided half interest in an alley ten feet wide on the west side of his lot, extending from Newton street to the Tate and Thomas alley, over which Hughes had the right of way. The topography of the granted alley was such that it could not be used as such without the expenditure of a considerable sum of money to fit it for such use. In this deed it is stated that, "The said undivided one-half interest in said strip of land is conveyed, however, for the purpose of making a common or joint alley between the parties to this deed, running from Newton street to the alley of said Tate and Thomas." The last mentioned alley was paved, as were also Craghead and Newton streets.

Afterwards, Hughes died, leaving a will by which his executors were vested with the power to sell and convey his real estate.

The executors divided the "John E. Hughes" lot into two lots and sold them at public auction. The lot at the corner of Craghead and Newton streets has a frontage of 93.5 feet on Craghead street and was purchased by the appellee, Thomas. The other lot had a frontage of 80.5 feet on Craghead street and was purchased by the appellants. The deed from the executors of Hughes to the appellants described the property conveyed as fronting 80.5 feet on Craghead street, and as running back from this frontage ninety-nine feet to the property of the Danville Knitting Mills. It also conveyed to the appellants all the right, title and interest of said Hughes in the Tate and Thomas alley. The deed to the appellants contains this provision:

"It is understood, however, between the parties hereto, that ten feet from the rear of the property herein described is subject to the joint use of the grantees in this deed and the Danville Knitting Mills, and that the grantees in this deed are entitled to, and the parties of the first part hereby grant and convey to them all the right, title and interest of the said John E. Hughes, deceased, in and to said ten-foot alley immediately south of the property herein conveyed leading into the aforesaid ten-foot alley in the rear of said property."

The deed from the executors to the appellee conveys the property at the corner of Craghead and Newton streets, describing it as fronting 93.5 feet on Craghead street and ninety-nine feet on Newton street. This deed contains this provision:

"It is understood between the parties to this deed that the lot herein described is conveyed subject to the alley rights of the Danville Knitting Mills in ten (10) feet of the lot above described, next to its lot, and that all rights and privileges which the said John E. Hughes, deceased, might have enjoyed in said alley passes with the property herein conveyed."

It will be observed that both of the deeds by the executors described the property conveyed as running back ninety-nine feet to the line of the Danville Knitting Mills, thus including the ten-foot alley on the rear.

The appellants claim the right to use the alley on the rear in its entire length from the Tate and Thomas alley to Newton street, as appurtenant to the grant to them of their lot.

Hughes in his lifetime, and his executors after his death, were tenants in common with the Danville Knitting Mills of the alley in controversy. Neither owner of the adjacent land could by his sole deed impair the rights of the other owner, though each could

convey his right or interest in the alley, subject to the undivided rights of the other.   The executors had the right and power to convey to each of the separate purchasers, subject to the rights and interest of the Danville Knitting Mills, the use of the alley throughout its entire length from the Tate and Thomas alley to Newton street, or they could restrict the right to the use of the alley to that portion thereof immediately in the rear of the lot purchased.   They plainly did the latter.

[1, 2] The owner of land to which there is a right of way appurtenant may convey the land without the appurtenance, if he chooses, and where the way is not a way of necessity, and the appurtenance is excluded by the grant, it will not pass by a grant of the land. In the instant case it is plain that there is no way of necessity, and the grant of the use of the alley in controversy is expressly restricted to that part of the alley which lies immediately in rear of the front lot.   No interest is granted to appellants in so much of the alley as lies in rear of the lot of appellee, and he claims none in that part of the alley in the rear of the lot of appellants.   The executors had the right and power to sell and convey the property in this way, and the purchasers, as such, have no right to question the wisdom of their action.

The decree of the trial court will be affirmed.

*Affirmed.*