## Richmond

### Bernard R. Corbett, et al., Etc.

### v.

### Ralph H. Ruben, Etc., et al.

April 30, 1982.

Record No. 800212.

Present: All the Justices.

*Jeffrey Rosenfeld; Harold Gattsek (Robert E. Scully; Falcone, Gary and Rosenfeld, Ltd.; Gattsek & McConnell, on briefs), for appellants.*

*Robert A. Payne; Herbert S. Billowitz (Fagelson, Schonberger, Billowitz & Duvall, on brief), for appellees.*

POFF, J., delivered the opinion of the Court.

Bernard R. Corbett and Marie Bullock, d/b/a C & E partnership (collectively, Corbett), filed a bill of complaint against Ralph H. Ruben and Dorothy K. Ruben (collectively, Ruben) seeking to remove a cloud on Corbett's title. The chancellor entered a decree in favor of Ruben on cross motions to strike the pleadings, and we summarize the facts as stated in the pleadings and the stipulations of the parties.

In 1962, Al Baker Maintenance Company, a partnership (the Maintenance Company), owned two parcels of land located at 212-14 South Payne Street (parcel #1) and 219-21 South Payne Street (parcel #2). By a document styled "Declaration and Easement" recorded that year (the 1962 document) the Maintenance Company attempted to impress a perpetual automobile parking easement upon the whole of parcel #1 as an appurtenance to parcel #2 on which the Maintenance Company planned to construct an apartment building.

In 1964, after the building had been completed, the Maintenance Company conveyed parcel #2 to Lewis & Thos. Saltz, Inc., and parcel #1 to Albert E. Baker, Thomas Saltz's partner in the Maintenance Company. Later that year, Baker and his wife signed, acknowledged, sealed, and recorded a document styled "Corrected Declaration of Easement" (the 1964 document). Describing parcel #1 by metes and bounds, the 1964 document recited that the 1962 document had misdefined the scope and term of the easement and that the Bakers "wish to correct . . . and redefine this easement". The 1964 document then stated that the Bakers

> hereby create and establish an easement for the off-street parking of seven (7) passenger automobiles on [parcel #1] for the use and benefit of the owner and occupants of the apartments located on [parcel #2], said easement [described by metes and bounds], the duration of this easement to be

co-extensive with the life of the building constructed [on parcel #2] and shall terminate when that structure no longer stands.

This document further provided that the Bakers "covenant and agree that the said easement shall be a covenant running with the title to" parcel #1.

Corbett, successor in title to parcel #1, maintained that a landowner cannot make one portion of his estate subservient to another portion and that the 1962 document was void. Ruben, successor in title to parcel #2, agreed, the case proceeded on that theory, and we treat the agreement as the law of the case. The chancellor ruled that the 1964 document, despite its references to the void document, "is by its terms a grant of an express easement appurtenent to [parcel #2] and that [parcel #1] is servient thereto".

Appealing from that ruling, Corbett argues that the 1964 document was void because "one may not modify, change, redefine or otherwise correct that which is null and void." Corbett misconceives the ruling. The question is not whether one document can breathe life into another which was void *ab initio*. The chancellor did not rule that the 1964 document validated the 1962 document; he held that the 1964 document was "by its [own] terms a grant of an express easement", and we address our inquiry to that holding.[1]

Yet, the 1964 document is inoperative, Corbett asserts, because it "does not make an express grant of an easement". Corbett seems to assume an imperative the law does not impose. Neither statutory nor common law requires a grantor to employ words of art so long as "the intention to 'grant' is so manifest on the face of the instrument that no other construction could be put upon it". *Albert v. Holt,* 137 Va. 5, 10, 119 S.E. 120, 122 (1923). *See generally,* 3 R. Powell, The Law of Real Property ¶ 407, at 34-33, 34-34 (1981); Conard, "Words Which Will Create an Easement", 6 Mo. L. Rev. 245, 264-66 (1941). We believe the words "hereby create and establish" employed by the Bakers signify such an intent.

---

[1] Given the law of the case underlying this holding, Corbett poses a non-issue when he suggests that the 1964 document is invalid under the rule in *Eureka Land Co. v. Watts,* 119 Va. 506, 509, 89 S.E. 968, 970 (1916), that "[w]hen a way is once located it cannot be changed by either party without the consent of the other."

■ Still, Corbett says, in order to constitute a grant, the document "must name a grantee", and the description of the grantees in the 1964 document is "impermissibly vague and uncertain". Citing *Thomas v. Marshfield,* 27 Mass. (10 Pick.) 364 (1830), Corbett argues that "any uncertainty in the description will render the grant void." But *Thomas* acknowledges the ancient maxim that grantees need not be specifically designated by name if they are sufficiently described "so as to be distinguished from all others". *Id.* at 367. *Accord,* 6 G. Thompson, Commentaries on the Modern Law of Real Property § 3006, at 349 (Repl. Vol. 1962); 2 Minor on Real Property § 1031, at 1335 (2d ed. 1928).

Applying this maxim, and considering the stated purpose of the easement, we conclude that the description of the grantees as "owner and occupants of the apartments" was sufficient to identify the intended recipients of the grant.

■ Assuming the 1964 document created an easement, Corbett maintains that it is not an easement appurtenant, as the chancellor ruled, but an easement in gross, *i.e.,* an easement with a servient estate but no dominant estate, an easement personal to the grantee. *See Stokes Inc. v. Matney,* 194 Va. 339, 344, 73 S.E.2d 269, 271 (1952). And, Corbett says, an easement in gross is not transferable.

In *Coal Corporation v. Lester,* 203 Va. 93, 97-99, 122 S.E.2d 901, 904-05 (1961), we reaffirmed the principles that an easement is not presumed to be one in gross; that the intent of the parties is the crucial determinant; that one of the tests of appurtenancy is whether the easement is a useful adjunct to the property; and that an easement appurtenant is one capable of being transferred and inherited while an easement in gross is not.[2]

■ The easement reviewed in *Coal Corporation* was granted "forever", *id.* at 97, 122 S.E.2d at 904, and Corbett argued at bar that an easement is not appurtenant unless its tenure is permanent. We did not consider such an argument in that case, and nothing in our analysis supports the inference Corbett draws. Even when the grant is made without term, courts may presume that an appurtenant easement was intended to terminate when the purpose for which it was created can no longer be served. *Mc-Creery v. Chesapeake Corp.,* 220 Va. 227, 257 S.E.2d 828 (1979);

---

[2] After our decision in *Coal Corporation,* the General Assembly amended Code § 55-6 (which provides what property interests may be "disposed of by deed or will") to include "easements in gross". Acts 1962, c. 169.

*American Oil Company* v. *Leaman,* 199 Va. 637, 101 S.E.2d 540 (1958). When "the easement is intended to endure so long only as the purpose of its creation can be regarded as still existent, the possible duration of the easement corresponds to that of an estate in fee determinable rather than to that of an estate in fee simple." 3 H. Tiffany, The Law of Real Property § 760, at 210 (3d ed. 1939) (footnote omitted).

If courts can presume an easement appurtenant was intended to be determinable, there is no reason why a landowner cannot expressly make it so. Rejecting Corbett's argument, we adopt such a rule.

■ Pursuing his theory that permanency is essential, Corbett submits that an easement is not appurtenant unless the grantor specifically provides that its life extend to the grantee and his "heirs, successors and assigns". While such words are "language which strongly tends to preclude the idea of [an easement] in gross", *French* v. *Williams,* 82 Va. 462, 468, 4 S.E. 591, 594 (1886), they were not considered essential to a grant of an easement appurtenant at common law. 2 G. Thompson, Commentaries on the Modern Law of Real Property § 332, at 111 (Repl. Vol. 1980). Absent a statutory change in the common law rule, we apply it here.

Bringing to bear the principles reviewed in *Coal Corporation,* we hold that the 1964 document created an easement, that the easement is appurtenant to parcel #2, and that parcel #1 is servient thereto.

Even so, Corbett insists that neither the burden nor the benefit passed by conveyance to successors in title in this case. We disagree.

■ Under the explicit language of the 1964 document, the burden was affixed to parcel #1 as a "covenant running with the title". That document was signed, acknowledged, sealed, and recorded by the grantors. Thus, the title Corbett acquired was burdened by the easement, an encumbrance he accepted with constructive, if not actual, notice.

■ Clearly, the benefit of the easement passed with the title to parcel #2. It is wholly immaterial whether the easement was described in the deeds in Ruben's chain of title. " '[T]he easement . . . continues to adhere to the dominant estate to which it is appurtenant and passes with it to the grantee thereof, though not specifically mentioned. . . .' Minor on Real Property (2nd Ed.),

page 124." *Stokes Inc.* v. *Matney,* 194 Va. at 344, 73 S.E.2d at 272. "Every deed conveying land shall . . . be construed to include all . . . appurtenances of every kind . . . ." Code § 55-50.[3]

■ Nevertheless, Corbett asserts that Ruben did not succeed to the benefit of the easement because the estate conveyed in one of the deeds to parcel #2 was made "subject to . . . easements contained *in the deeds* forming the chain of title to this property." Apparently construing this language as an exclusion of the easement created by the 1964 document, Corbett relies upon *Harris* v. *Thomas,* 148 Va. 189, 193, 138 S.E. 728, 730 (1927), where we held:

> The owner of land to which there is a right of way appurtenant may convey the land without the appurtenance, if he chooses, and where the way is not a way of necessity, and the appurtenance is excluded by the grant, it will not pass by a grant of the land.

*Harris* is wholly inapposite. The language in the deed to which Corbett refers did not exclude the *benefit* of an easement appurtenant to parcel #2; it subjected the estate conveyed to the *burden* of easements to which it was servient.

Finding no error below, we will affirm the chancellor's decree.

*Affirmed.*

---

[3] In light of the rule in *Stokes* and the mandate in Code § 55-50, we see no relevance in Corbett's complaint that the 1964 document would not be found in the grantee's index book in a title search of parcel #2. The recording statutes are designed primarily to protect prospective purchasers against encumbrances and only incidentally to memorialize passage of appurtenances.