## CIRCUIT COURT OF LOUDOUN COUNTY

Samuel S. Case et al.

v.

John Singleton Case et al.

November 9, 1989

Case No. (Chancery) 12095

By JUDGE JAMES H. CHAMBLIN

This suit to quiet title was the subject to an *ore tenus* hearing on October 13, 1989. The facts are not in dispute. All the evidence consists of deeds, wills, inventories, appraisements, accountings, lists of heirs, memoranda of facts, and inheritance tax certificates of record in the Clerk's Office of either this Court or the Circuit Court of Rockingham County, Virginia.

Counsel agree that the facts are as set forth in the complainant's trial brief filed October 5, 1989.

After consideration of all the evidence, the argument of counsel on October 13, 1989, and the parties' trial briefs, I am of the opinion that in the deed recorded in the Clerk's Office of this Court on October 28, 1954, in Deed Book 340 at page 293, Frances Dodd Case, individually and as executrix under the will of Clifford L. Case, deceased, intended to convey to Margaret D. Case all of her interest in the subject property, being a three-fourths interest, and not just a one-half interest as recited in the deed.

At the time of the death intestate of John Case, title to the subject property descended in equal shares to his two children, Dorothy Case Chamblin and Clifford L. Case, subject to the dower interest of his widow,

Margaret D. Case. By deed dated April 1, 1940, Dorothy and her husband conveyed "all their undivided right, title and interest" in the subject property to Clifford and Margaret. Clearly, that interest was an undivided one-half interest. There being no other qualifying or limiting language in the deed, that one-half interest was conveyed equally to Clifford and Margaret as tenants in common as a matter of common law. Therefore, after this conveyance, the subject property was owned three-fourths by Clifford and one-fourth by Margaret.

Clifford died testate in 1954 and by his will devised all his real estate to his wife, Frances Dodd Case, with a power in his executrix to sell the property to discharge debts.

The deed which has created the title problem in this case is the October, 1954, deed referred to above. In that deed, the first preamble or "Whereas" paragraph recites that Clifford died seised of a one-half interest in the subject property. Further, the deed states that Frances conveys "all of her undivided one-half interest" in the property to Margaret. The preamble is erroneous because Clifford owned a three-fourths interest in the property at his death.

The defendants' claims are supported only if Frances conveyed a one-half interest to Margaret by the October, 1954, deed.

It is elementary that when language in a deed or other instrument is to be construed, the grantor's intention as expressed in the instrument must prevail. *Allen v. Green*, 229 Va. 588 (1985); *Austin v. Dobbins*, 219 Va. 930 (1979). The instrument should be examined as a whole to determine the controlling intention. *Fitzgerald v. Fitzgerald*, 194 Va. 925 (1953). And such intent must be ascertained with reference to the circumstances existing at the time of execution of the instrument. *Hamlin v. Pandapas*, 197 Va. 659 (1956); *French v. Williams*, 82 Va. 462 (1887).

An examination of the October, 1954, deed by itself without reference to any other external fact shows an intent that Margaret would have the full fee simple title as a result of that conveyance. One needs to merely read the "being clause" (the first full paragraph on the second page of the deed), and it shows that Margaret already had a one-half interest by the April, 1940, deed.

If Frances only meant to convey a one-half interest when she knew she had a three-fourths interest, then she would have intended to reserve or retain a one-fourth interest. Reservations cannot be presumed but must be clearly indicated. *See Snyder v. Grandstaff*, 96 Va. 473 (1898). The October, 1954, deed shows on its face that Frances intended to convey all of the interest she inherited from Clifford to Margaret. Frances merely was in error as to the quantity of her interest.

From an examination of the contents of Margaret's will, it can be reasonably concluded that in October, 1954, Margaret intended that as a result of the conveyance from Frances, she acquired full the fee simple interest in the property. Her will executed on August 10, 1954, (interestingly, prior to the time that Frances executed the October, 1954, deed) refers to the subject property as "my farm" and "said farm" without any language indicating that she has less than full fee simple ownership. Her will even provides a mechanism "to accomplish a fair and equitable partition" of the property. It is doubtful that she would have included such language if she did not feel that she was the full fee simple owner of the farm.

While not exactly on all fours with this case, the decision of the Virginia Supreme Court in *Picot v. Picot*, 237 Va. 686 (1989), is instructive and persuasive. In that case because of a statutory change, the testator had all of the interest in certain real estate rather than a dower interest. Despite the language of the will (devising "all of my real estate, it being my undivided dower interest") which showed the erroneous feeling of the testator that she had only a dower interest, the Court held that the general intention of the testator to devise "all" she owned must prevail over erroneous "particulars." As in this case, *Picot* dealt solely with construction of the language of the instrument as no extrinsic evidence on intent was presented.

For all the foregoing reasons, the relief prayed for in the bill of complaint is granted. As this decision is based on the construction of the deed in question, there is no need to address the other issues raised by counsel.