# 𝕽ichmond.

RICHARDSON *v.* PLANTERS BANK OF FARMVILLE.

December 10, 1896.

1. JURORS—*Disqualifications—Debtor of a party to suit.*—A juror is not competent to sit in a case if he has any interest in the case, or is related to either party, or has formed or expressed any opinion, or is sensible of any bias or prejudice. But the mere fact that he is indebted to one of the parties does not render him incompetent.

2. EVIDENCE—*Written contracts—Parol evidence—Case at bar.*—In the absence of fraud or mistake, contemporaneous parol evidence is not admissible to contradict or vary the terms of a valid instrument. But if the language of the instrument is equivocal, parol evidence is admissible to show the circumstances under which it was executed. In the case at bar the written instrument sued on does not establish the contract alleged, but, in any view, the language used is equivocal and the instrument ambiguous, and the parol evidence does not vary nor contradict it, but is consistent with its language, and makes clear what was otherwise ambiguous.

Error to a judgment of the Circuit Court of Prince Edward county, rendered April 12, 1894, in an action of assumpsit wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

After the evidence was in, the plaintiff tendered the following instructions:

## Instruction "No. 9."

"The court instructs the jury that they must disregard all of the parol evidence of the witnesses in this case as to what occurred before or at the time of the execution by W. G.

Venable, cashier, of the receipt given to W. H. Richardson, on the 4th of March, 1892, and set out in the plaintiff's declaration, which tends to vary, contradict, add to, or explain the terms of said receipt."

## Instruction "No. 10."

"The court instructs the jury that the true construction of the receipt given by W. G. Venable, cashier, to W. H. Richardson, dated March 4, 1892, is, that the $6,600 note was deposited in the Planters Bank for collection, and that said bank agreed, when the collection was made, to apply the proceeds of the note for $6,600 to the payment of the note of $6,000, drawn by A. S. Herndon and C. C. Hazell, then at said bank for collection; that said bank did not have the right to deliver the said note to A. S. Herndon, trustee, without the consent of W. H. Richardson; and if the jury shall believe from the evidence that the note was so delivered without the consent of the said Richardson, and that it was a good note and could have been collected, they must find for the plaintiff."

## Instruction "No. 11."

"The court instructs the jury that if they believe from the evidence that the note of A. S. Herndon and others for $6,600 was deposited in the Planters Bank for the purpose of the proceeds of its collection being paid on the note of Herndon & Hazell for $6,000 and interest, and so stated to the cashier of said bank at the time of its deposit, then the said bank had no right to deliver it to the makers, or either of them, without the consent of W. H. Richardson, and if the bank did so deliver said note, it is liable to pay the amount of the $6,000 note, with interest, to said Richardson, and the jury should find for the plaintiff."

But the court refused to give said instructions, and in lieu thereof gave the following:

"1. If the jury shall believe from the evidence that the plaintiff, Walter H. Richardson, or A. S. Herndon for him, delivered the note for $6,600 in the declaration mentioned, to the defendant bank or its cashier, as collateral security for the note of $6,000, dated 15th day of Dec., 1890, and payable twelve months after its date, executed by A. S. Herndon and C. C. Hazell to Walter H. Richardson, and that the defendant bank delivered up said note for $6,600 to A. S. Herndon, one of the makers thereof, before its maturity, and without the consent of Walter H. Richardson, then they must find for the plaintiff.

"2. If the jury shall believe from the evidence in this case and under the instructions of the court, that the plaintiff is entitled to recover, and shall further believe that on the 4th day of March, 1892, A. S. Herndon and C. C. Hazell were indebted to the plaintiff, W. H. Richardson, in the sum of $12,000, evidenced by two notes for $6,000 each, dated December 15, 1890, one payable one year after date, and the other two years after date, with interest from date, secured by deed of trust on a tract of land which was sold by the trustee on the 15th day of August, 1892, for $6,050, then the amount which the plaintiff is entitled to recover, is the amount of the note for $6,000 described in the receipt of W. G. Venable, cashier, dated March 4, 1892, with interest thereon from the date of said note until the rendition of the verdict.

"3. That the paper writing dated March 4, 1892, in the declaration mentioned and described, is the receipt of the defendant to the plaintiff for a note of A. S. Herndon and C. C. Hazell, for the sum of $6,000, dated December 15, 1890, and if the jury shall believe from the evidence, that said note on the 4th of March, 1892, was past due, the defendant was under no obligation to the plaintiff with respect to said note, except to safely keep the same, to receive for the plaintiff any money which the makers of said note should thereafter pay thereon to the defendant for the plaintiff and to

account to the plaintiff therefor, and to deliver to the plaintiff said note if not wholly paid, whenever requested by him to do so.

"4. The court instructs the jury that the receipt given by W. G. Venable to Walter H. Richardson does not conclusively show that W. H. Richardson was the owner of the note for $6,600, nor is said paper conclusive evidence that the said note was left with the Planters Bank by A. S. Herndon, trustee, as collateral security for the $6,000 note belonging to W. H. Richardson, but said paper may be read and considered by the jury, and such weight given to it in connection with other facts as the jury shall deem proper.

"5. That legal title to negotiable paper passes by endorsement of the holder and the delivery by him of the paper so endorsed.

"6. If the jury shall believe from the evidence that on the 4th of March, 1892, A. S. Herndon, trustee, endorsed the negotiable note for $6,600, drawn by A. S. Herndon and others, 'for collection,' and signed said endorsement, and delivered said note, so endorsed, to the defendant, such endorsement and delivery did not transfer the title of said note to the defendant, but merely constituted the defendant the agent of A. S. Herndon, trustee, to present said note, demand and receive payment, and account to him for the money so received, and that the said A. S. Herndon, trustee, still had control of said note, and could intercept the proceeds thereof in the hands of the defendant.

"If the jury shall believe from the evidence that the words 'A. S. Herndon, trustee, has left note drawn by A. S. Herndon and others for $6,600, which note if paid is to be used in payment of note to W. H. Richardson,' were added to the receipt of the defendant to the plaintiff, for the note of A. S. Herndon and C. C. Hazell for $6,000 by the cashier of the defendant, at the request of the plaintiff, and that said words were dictated by the plaintiff, only as a memorandum of what

A. S. Herndon, trustee, had said he intended to do with the proceeds of the note for $6,600, if the same was paid, and that the said cashier had no knowledge of what the said A. S. Herndon had said, except as told him by the plaintiff, they must find for the defendant."

To which ruling of the court refusing to give the instructions asked, and giving those hereinbefore mentioned (except Nos. 1 and 2), the plaintiff excepted.

*W. H. Mann* and *R. M. Dickinson*, for the plaintiff in. error.

*J. P. Fitzpatrick*, *A. D. Watkins* and *P. W. McKinney*, for the defendant in error.

RIELY, J., delivered the opinion of the court.

During the examination into the fitness of the jurors summoned for the case, they were asked by the counsel for the plaintiff if any of them were indebted to the defendant, the Planters Bank of Farmville. The counsel for the defendant objected to the question, and the court sustained the objection, and refused to permit the question to be answered. This was assigned as error.

Confidence in the trial by jury depends upon the purity of the tribunal, and the fairness of its decisions. To secure this, the trial must be by impartial men. Purity of the tribunal is the watchful care of the law, and "it has guarded against the influence of those passions most likely to pervert the judgment of the jurors in deciding upon the conduct and controversies of their fellow-men." If the juror does not stand indifferent to the cause, he is not competent. If he has any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible of any bias or prejudice, he is excluded by the law. The last disqualification has been applied in numerous business relations. The partner,

or the clerk or other employee, of either of the parties has been held to be incompetent. But we have been cited to no case that has gone so far as to hold that a debtor of the defendant was incompetent. To hold, as a legal presumption, that such relationship would be likely to warp the judgment would be, in our opinion, to estimate too cheaply integrity under the sanction of an oath.

The foundation of the suit is the following receipt:

"Deposited with Planters Bank of Farmville, by W. H. Richardson for collection:

"Farmville, Va., 4th March, 1892.

"Note of A. S. Herndon and C. C. Hazel, for the sum of six thousand dollars, dated 15th December, 1890. A. S. Herndon, trustee, has left a note drawn by A. S. Herndon and others for $6,600, which note, if paid, is to be used in payment of note of W. H. Richardson.

"W. G. V., Cr."

The note referred to as having been left by A. S. Herndon, trustee, bore date on January 7, 1892, and was payable six months after date at the Planters Bank of Farmville. On July 5, 1892, a few days before it would mature, A. S. Herndon, the payee of the note, withdrew it from the bank and cancelled it.

The plaintiff contended that the receipt given to him by the bank, which is described above, shows that the note for $6,600 was deposited as collateral security for the note of Herndon and Hazell to him for $6,000, which latter note was placed by him in the bank for collection; that it was the duty of the bank to hold the note for $6,600 until it matured, and, if it was not then paid, to take the necessary steps, by presentment, protest, and notice, to fix the liability of the parties to the note; and that not having done this, but having instead delivered it up to Herndon before maturity, he was thus de-

prived of a solvent security for his debt of $6,000, and the bank thereby rendered liable to him for the loss he had sustained, which was the amount of his debt.

On the trial the defendant propounded a number of questions to the witnesses for the purpose of proving the circumstances under which the receipt was given, which were permitted by the court to be answered, against the objection of the plaintiff. The ground of the objection was that the receipt constituted a contract between the plaintiff and the bank, which this testimony tended to contradict and vary, and was therefore inadmissible.

It is a well settled and familiar rule that parol contemporaneous evidence, in the absence of fraud or mistake, is inadmissible to contradict or vary the terms of a valid instrument. *Towner* v. *Lucas*, 13 Gratt. 703; *Woodward, Baldwin & Co.* v. *Foster*, 18 Gratt. 200; and *Allen* v. *Crank*, 23 S. E. 772. The defendant did not question the rule, but claimed that the evidence it sought to introduce did not violate it.

The receipt, upon a fair construction, does not sustain the contention of the plaintiff. It does not evidence a contract between him and the bank in respect to the note for $6,600, but expressly states that it was "left by A. S. Herndon, trustee," and not that it was deposited by Richardson for collection, or as collateral security for the note of Herndon and Hazell to him. It discloses no appropriation by Herndon of the proceeds of the note when collected, nor any authority to the bank to use the proceeds in paying the note held by Richardson, or to place the same to his credit. It appears to be simply a memorandum by the cashier of the bank of the existence of an intention to make that disposition of the proceeds of the note if it be paid; a disposition which the bank could not make without authority from the payee and owner of the note, and an intention which he at any time could revoke.

If this, however, is not the proper construction of the writing, then its language, as respects the note for $6,600, is equivocal and the paper ambiguous. In what way and man-

ner was it "left" by Herndon, trustee? And by whom, and upon whose order, was the money due on the note, if paid, to be used in payment of the note to Richardson? If in these and other respects the writing was equivocal and ambiguous, it was not an infringement of the general rule against the admissiblility of parol evidence in the case of a written instrument to permit the circumstances relating to its execution to be shown. *Crawford* v. *Jarrett's Adm'r*, 2 Leigh 630; *Knick* v. *Knick*, 75 Va. 12; *Talbot* v. *Rich. & D. R. Co.*, 31 Gratt. 685; *Tuley* v. *Barton*, 79 Va. 387; and *French* v. *Williams*, 82 Va. 462.

Without going into particulars, it may be said in general terms that the circumstances surrounding the transaction, when proved, do not vary nor contradict the writing, but, while shedding light on its meaning, are consistent with its language, and make clear what was otherwise obscure. As was said by Judge Burks in *Knick* v. *Knick*, *supra*, "oral evidence to this extent is always admissible in the construction of written instruments where ambiguity exists."

It appeared that Richardson did not have the custody or control of the note, but that it was in the possession and under the control of Herndon. It also appeared that neither Richardson nor Herndon, deposited it with the bank as collateral security for the note for $6,000, but that it was deposited by Herndon, trustee, *for collection*, who stated, when he did so, that he wanted to use the money, if the note was paid, in paying the note due to Richardson. It further appeared that when he deposited the note, he took from the bank the following receipt:

"Deposited with Planters Bank of Farmville, for collection, by A. S. Herndon, trustee, Farmville, Va., 4th March 1892, a note drawn by A. S. Herndon and other for the sum of sixty six hundred dollars.

                                        "W. G. Venable, Cr."

After the receipt had been given to him, Richardson asked the cashier to give him a receipt for the note for $6,000, due to him from Herndon and Hazel. The cashier wrote the receipt, but before he had signed it, Richardson asked him to add what Herndon had said about using the money from the note for $6,600 in paying his note for $6,000, if the former was paid; and, at the instance of the cashier, he dictated the last clause of the receipt given to Richardson, and on which his suit is founded.

Herndon retained in his possession the receipt given to him for the note for $6,600 until he withdrew the note from the bank July 5, 1892, when he presented the receipt and demanded his note. This receipt, together with the facts referred to, and others that might be enumerated, proves that Herndon never surrendered control of the note, except for collection by the bank, and that the bank had no right, if it had been so disposed, to hold the note as collateral security for the note of $6,000, or to use or appropriate to its payment one dollar of any money that it might receive on the note for $6,600, without authority from Herndon, trustee.

Whether we view the writing in question merely as a memorandum, or in the nature of a contract, the testimony objected to by the plaintiff was properly admitted by the court.

Nor did the court err either in refusing instructions 9, 10 and 11 asked for by the plaintiff, or in the instructions it gave to the jury. The questions arising upon the instructions have been virtually disposed of in passing upon the propriety of the admission of the parol evidence. Without passing upon the instructions separately, it may be said of them as a whole that those of the plaintiff were based on an erroneous construction of the writing of March 4, 1892, and on the claim that it was not proper for the jury to consider the extrinsic evidence in forming their verdict, while those given by the court were in accord with the construction we have placed on

the writing, and the right of the jury to consider it in the light of the circumstances which surrounded the transaction.

The motion for a new trial was properly overruled. Much of the evidence, from necessity, has been already discussed. Without rehearsing it at length, it must suffice to say that considering it according to the rule prescribed in such cases (Code, Sec. 3484), we cannot doubt its sufficiency to sustain the verdict of the jury.

The judgment of the Circuit Court must be affirmed.

*Affirmed.*