## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## M. M. Rowe Company, Inc. v. H. S. Wallerstein.

### June 17, 1926.

1. Landlord and Tenant—*Lease*—*"Premises" Includes Lands and Buildings.*—Where there are no qualifying words used in a written contract of lease, in which the word "premises" is used, it has been generally held by the courts that the word "premises," when used in reference to real estate, lands and tenements means land and the buildings thereon—a building with its adjuncts.

2. Landlord and Tenant—*"Premises" Followed by the Phrase First and Second Floors Only—Case at Bar.*—In the instant case a lease was of "the premises known as No. 1 west Marshall street, first and second floors only," further on, the lessee covenanted not to use or permit to be used the roof, walls or fences for signs or advertising purposes, without the written consent of the owner.

    *Held:* That the trial court did not err in construing the contract to mean that the lessor leased to the lessee the first and second floors only.

3. Landlord and Tenant—*Plaintiff Bound by the Phrase "First and Second Floors."*—In the instant case, a lease was of "the premises known as No. 1 west Marshall street, first and second floors only." The words "first and second floors only" clearly denoted the premises demised. While the words "the premises known as No. 1 west Marshall street," were merely a description of the location of the property and were not indicative of the premises demised.

4. Parol Evidence—*Lease where there is no Ambiguity—Case at Bar.*—In the instant case, a lease was of "the premises known as No. 1 west Marshall street, first and second floors only."

    *Held:* That this was a lease of the first and second floors only, and as there was no ambiguity, the court committed no error in rejecting parol evidence to show that the negotiations between the parties were for a lease of the entire property.

5. Parol Evidence—*When Inadmissable—When there is no Obscurity.*—It is only in those cases where a written contract is obscure in its meaning, that evidence of what was said and done at the time of its execution is admissible to explain it.

6. Landlord and Tenant—*Eviction—Discharge of Tenant from Payment of Rent.*—In order to discharge the lessee from the payment of rent

and permit a recovery for the damages suffered by reason of an eviction, it must be made to appear that the lessee has been evicted from a part or the whole of that for which he pays rent, or has been deprived of the enjoyment of the demised premises.

Error to a judgment of the Law and Equity Court of the city of Richmond. In a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Chas. T. Reeves* and *W. P. DeSaussure,* for the plaintiff in error.

*Wallerstein & Goode,* for the defendant in error.

Campbell, J., delivered the opinion of the court.

This is a proceeding by notice of motion instituted by the defendant in error (hereinafter called plaintiff) against the plaintiff in error (hereinafter called defendant) to recover the sum of $500 alleged to be due by virtue of a contract in writing, the pertinent part of which is as follows:

"This deed of lease, made this 9th day of September, in the year 1922, between H. S. Wallerstein, by Schmidt, Wilson & Richardson, Inc., agents, party of the first part, and M. M. Rowe Company, Incorporated, party of the second part,

Witnesseth: "That the said party of the first part doth demise unto the said party of the second part the premises known as No. 1 west Marshall street, first and second floors only, with right of ingress and egress to the third

floor of said building to any one who might rent the third floor from the said party of the first part herewith explicitly reserved to the party of the first part, the said premises to be used as and for wholesale grocery business from the 1st day of October, 1922, for the term of eleven months, from thence next ensuing, and to expire on the 31st day of August, 1923, provided three months' previous notice shall have been given, yielding therefor, during the said term, the rent of thirteen hundred seventy-five ($1,375.00) dollars, payable as follows, to-wit: On the first day of each succeeding month one hundred twenty-five ($125.00) dollars, the first instalment to become due on the 1st day of November, next."

When the case was docketed, the defendant, in addition to the plea of *non assumpsit*, filed a special plea in writing of counterclaim, or recoupment. This plea set up the defense that defendant had been evicted from the leased premises and by reason of such eviction had suffered damages to the extent of $1,000.

By agreement of the parties a trial by jury was waived, and all matters of law and fact were submitted for determination to the court. The finding of the court was in favor of the plaintiff and judgment was entered against the defendant for the principal sum of $500, with interest.

It is assigned as error that the court erred in construing the contract to mean that the plaintiff only leased to the defendant "the first floor and the second floor of the building known as No. 1 west Marshall street," instead of construing the contract to mean that it embraced the premises which included the building situated thereon.

It is also assigned as error that the court refused to hear parol evidence to show that the negotiations in their inception were for a lease of the entire property, and also refused to admit defendant's evidence as to the damages claimed in the plea of counterclaim and recoupment.

It is the claim of the defendant that there was an actual eviction, by reason of the erection of two buildings upon the premises partly between the building occupied by the defendant and Marshall street, thus cutting off defendant's ingress and egress, except by means of an alleyway extending from the sidewalk on Marshall street to the occupied building.

It is the further contention of the defendant that there is an ambiguity in the contract denoted by the use of the terms "first and second floors only" and "the premises known as No. 1 west Marshall street." If this contention be tenable, it was error to refuse to admit parol testimony.

[1] Where there are no qualifying words used in a written contract of lease, in which the word "premises" is used, it has been generally held by the courts that the word "premises," when used in reference to real estate, lands and tenements, means land and the buildings thereon—a building with its adjuncts. 31 Cyc., p. 1163.

In 36 C. J., section 629, the doctrine with reference to a description by street number is stated thus: "The general rule is that a description of premises in a lease by the street number includes so much of the lot upon which the building is situated as is necessary to the complete enjoyment of the building for the purposes for which it is let."

[2, 3] In the instant case, had the lease only contained the words "the premises known as No. 1 west

Marshall street," there could have been no cause for serious dispute. The addition of the words, however, "first and second floors only," are qualifying words and clearly denote the premises demised. While it is true that further on in the lease we find the language, "The lessee covenants not to use or permit to be used, the roof, the walls or fences of the leased premises for signs or advertising purposes, without the written consent of the lessor," we do not think such language counterbalances or in any way affects the conclusion that the controlling language in the lease is the words "first and second floors only." Nor does the language, "the premises known as No. 1 west Marshall street," militate against this construction. The language employed is merely descriptive of the location of the property and is not indicative of the premises demised.

A case in point is *Snook and Austin Company* v. *Steiner and Emery*, 117 Ga. 363, 43 S. E. 775, where the lease in question covered the following: " * * all those certain premises in Atlanta, known as Nos. 2-10 Peachtree street, including the second and third stories over the same, and including the kitchen in the rear of said premises, and including the second floor over the building recently erected for the Nashville Packing Company, excepting therefrom the offices at the rear thereof (probably kitchen) on Wall street, and being in land lot seventy-seven, said county, with and subject to the rights, members, servitudes and easements thereunto appertaining." In that case the court said: "It is important, if possible, to define the word 'premises.' It has varied meanings. It is a word frequently used in conveyances, and, unless there is something to qualify the meaning, generally refers to real estate. In a contract to sell 'the premises Nos. 2-10 Peachtree street,' it would include the land on which the build-

ings were located. *McMillan* v. *Solomon*, 42 Ala. 356, 94 Am. Dec. 654; cf. *White* v. *Molyneux*, 2 Ga. 124. On the other hand, if an insurance company were to insure such premises, it would only mean the buildings thereon. The word rarely includes personal property, and yet, in a policy on a ship, it was held to refer to the vessel. 1 May on Insurance, sec. 243. In the lease contract here, the word 'premises' simply referred to whatever was leased, without defining the property or estate. It shed no light on the question as to whether an interest in land was created. Compare *Franklinite Co.* v. *New Jersey Zinc Co.*, 13 N. J. Eq. 331. We get little assistance from the word 'premises' with its variable meaning, and must examine the other descriptive terms to determine what was leased. There is no mention of land, nor is the property described by metes and bounds. The indenture refers to the 'premises,' 'including the second and third stories over the same,' which was an unusual form of description if land was intended to be conveyed. It may not be necessary, but it is quite common, to convey 'land with the buildings thereon,' but almost unheard of to describe the parts of a building, or the separate stories thereof, when land is intended to be conveyed. Where no reference is made to land, where the words 'house,' 'dwelling,' or 'hotel' were not used, but only the parts of the building were specified, where the second and third stories were expressly mentioned, it goes far to indicate that the parties were contracting with reference to a building, and not creating an estate in land. This must be true as to the packing house, for as to it the first story was excluded, and only the second story rented. So, too, as to the kitchen. It appears from the description in the Haverty lease that the offices on Wall street were in the rear of the kitchen, consequently

no land under the packing house or kitchen was conveyed, but only a right of support, and this is not an estate. *Womack* v. *McQuarry*, 28 Ind. 103, 92 Am. Dec. 306. It is true that the word 'premises' is used in other parts of the instrument where it could refer either to land or to the buildings, or to both, as, for example, 'permanent improvements placed on the premises shall become the property of the lessor.' But, as here used, it might refer to improvements in the building. The provision that the tenant was to 'keep the premises in repair,' and the phrase, 'should the leased premises be destroyed by fire,' did not relate to land, but to the structure."

[4, 5] Having thus reached the conclusion that there is no ambiguity in the lease, the assignment that the court erred in the rejection of the parol evidence offered is not well taken. It is only in those cases where a written contract is obscured in its meaning that evidence of what was said and done at the time of its execution is admissible to explain it. *Richardson* v. *Bank*, 94 Va. 136, 26 S. E. 413.

"If the meaning of an instrument be doubtful, evidence of the acts of the parties under it may be received to show intent." *Glenn* v. *Augusta Perpetual, &c., Co.*, 99 Va. 695, 40 S. E. 413.

[6] In order to discharge the defendant from the payment of rent and permit a recovery for the damages suffered by reason of the eviction, it must be made to appear that the defendant has been evicted from a part of the whole of that for which it pays rent, or has been deprived of the enjoyment of the demised premises. This, in our opinion, has not been made to appear.

Our conclusion, therefore, is that the defendant was only entitled to the first and second floors of the

premises demised, with incidentally, of course, the right of ingress to and egress from the leased premises, exclusive of the third floor, and that the buildings erected by the plaintiff on the lot did not evict the defendant or interfere with its right of ingress and egress.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*