## CIRCUIT COURT OF FAIRFAX COUNTY

Halifax Engineering, Inc.

v.

Doyle, Inc., and
Cherokee Avenue Associates

April 29, 1991

Case No. (Law) 100477

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is a Motion for a Protective Order filed by the plaintiff, Halifax Engineering, Inc. ("the sublessor") requiring the defendant, Doyle, Inc. ("the sublessee") to pay prospective rents into the court registry. The Court took the matter under advisement following argument before the court on March 15, 1991. After consideration of the written memorandum filed by the sublessor, the arguments of counsel before the Court, and the applicable law, the Court denies the sublessor's Motion for a Protective Order.

The sublessor entered into a lease agreement with Indian Run Associates II on October 16, 1984, for commercial space located at 5262 Cherokee Avenue in Alexandria, Virginia. Indian Run Associates II later assigned this lease to the third party defendant in this action, Cherokee Avenue Associates, when Cherokee purchased the subject property and buildings. On February 28, 1987, and March 4, 1988, the sublessor executed two sublease agreements with the sublessee. *See* plaintiff's Motion for Judgment, Exhibits 1, 2.

On October 16, 1990, the sublessor filed a Motion for Judgment demanding accrued back rent and past due utility charges allegedly owed by the sublessee, as well as recovery of possession of the leased property pursuant

to Va. Code § 8.01-124. The sublessor subsequently filed a Motion for a Protective Order on December 21, 1990, seeking to compel the sublessee to pay $10,913.12 in rent and utility charges into the Court on the first of each month. The sublessor asserts in its memorandum of law that rent escrow should be ordered because it is clear that the sublessee will continue to withhold rental payments based on its assertion that the sublessor has breached an express or implied warranty of habitability or duty to repair. Plaintiff's Motion for a Protective Order at 2. The sublessee has admitted that it has withheld rental payments since 1989. Defendant's Answer and Grounds of Defense, paragraph 6.

As the sublessor notes in its memorandum in support of its Motion for a Protective Order, a number of states allow a tenant to withhold rental payments based upon the landlord's breach of express or implied covenants of the lease, provided the tenant pays the rent into escrow as it accrues. *See generally*, Annotation, "Validity and Construction of Statute or Ordinance Authorizing Withholding or Payment into Escrow of Rent for Period During Which Premises are not Properly Maintained by the Landlord," 40 A.L.R.3d 821 (1971 & Supp. 1990); Restatement (Second) of Property §§ 11.1 to 11.3 (1977 & Supp. 1990). In Virginia, the General Assembly has provided for such a procedure in the Residential Landlord and Tenant Act. *See* Va. Code Sections 55-248.25 to 55-248.30. Pursuant to the Act, a tenant may withhold rental payments based upon the landlord's violation of the express covenants of the lease or applicable housing laws only if the tenant deposits the withheld rents into the court until his claim against the landlord can be adjudicated. *Id.* However, the statute only applies to residential leases and the General Assembly has not provided such a remedy for a commercial tenant such as the sublessee in the present case.

In the absence of any statutory authority for requiring a commercial tenant to pay rent into escrow, the Court is guided by the common law governing the remedies available to the landlord and the tenant. *See, tenBraak v. Waffle Shops, Inc.*, 542 F.2d 919, 923 (4th Cir. 1976)(citing *Barrow v. Irving Trust Co.*, 68 F.2d 731 (2d Cir. 1934)). Although a number of state courts have provided for the rent escrow procedure by judicial decision, the Virginia

Supreme Court is not among them. *See e.g., Javins v. First Nat'l Realty Corp.,* 428 F.2d 1071, 1082 (D.C. Cir. 1970); *Marini v. Ireland,* 265 A.2d 526, 535 (N.J. 1970); *Teller v. McCoy,* 253 S.E.2d 114, 124 (W. Va. 1978); *Pugh v. Holmes,* 405 A.2d 897, 903 (Pa. 1979). Therefore, pursuant to the doctrine of *stare decisis,* this Court is bound by the common law principles embodied in the Virginia Supreme Court decisions in this area.

At common law, the tenant's covenant to pay rent and the landlord's express covenants in the lease were viewed as independent and, therefore, the tenant's obligation to pay rent was not affected by the landlord's breach of an express covenant of the lease. Note, "Survey of Virginia Law of Landlord and Tenant," 8 Univ. Rich. L. Rev. 459, 523 (1974) (citing 1 American Law of Property sect. 3.11 (A. J. Casner ed. 1952)); Restatement (Second) of Property, Introductory Note, Chapter Eleven (1977 & Supp. 1990); *Teller v. McCoy,* 253 S.E.2d at 119 (citing *King v. Moorehead,* 495 S.W.2d 65 (Mo. Ct. App. 1973)). Consequently, the tenant's only remedy for the landlord's violation of the covenants of the lease was to bring a separate action for damages caused by the landlord's breach, or to assert a counterclaim in the landlord's action for accrued rental payments in which the Court could set off the tenant's recovery from the landlord's judgment. Note, "Survey of the Virginia Law of Landlord and Tenant," 8 Univ. Rich. L. Rev. 459, 521 (1974); *Newport News & Old Point Ry. & Elec. Co. v. Bickford,* 105 Va. 182 (1906). The only additional option for the tenant was to vacate the premises and terminate the lease, a remedy available if the landlord breached the covenant of quiet enjoyment. *M. M. Rowe Co. v. Wallerstein,* 145 Va. 191 (1926); *Buchanan v. Orange,* 118 Va. 511 (1916). *See generally* 8 Univ. Rich. L. Rev. at 521. However, the tenant was never entitled to remain in possession and to withhold rental payments. *Id.* at 523-524; Restatement (Second) of Property, Introductory Note, Chapter 11, § 11.3 and comments. Because the tenant was not entitled to withhold rental payments, the corresponding rent escrow procedure was not recognized at common law. *See id.*

In addition, rent escrow is an extraordinary remedy for the landlord and represents a marked departure from the traditional remedies available to him. At common law,

the landlord could only recover rental payments which had accrued at the time the landlord filed his motion for judgment. *tenBraak v. Waffle Shops, Inc.*, 542 F.2d 919 (4th Cir. 1976) (citing *Jones v. Morris Plan Bank of Portsmouth*, 168 Va. 284 (1937)) (noting that the only way the landlord could recover rental payments accruing after the action commenced was to seek leave to amend the pleadings). Rent escrow also represents "a noticeable break with the ordinary processes of civil litigation, in which, as a general rule, the plaintiff has no advance assurance of the solvency of the defendant." *Bell v. Tsintolas Realty Co.*, 430 F.2d 474, 479 (D.C. Cir. 1970) (noting that the primary exceptions to this principle are pre-judgment attachment and garnishment, which are usually highly circumscribed by statute). In the absence of any authority in Virginia allowing the landlord to pursue such an extraordinary remedy, the Court finds that the sublessee in the present case may not be required to pay its rents into escrow.