LABARGA, J.,
concurring.
I wholeheartedly concur with the majority opinion in this case but write separately to emphasize that trial courts must take great care to ensure that prospective jurors are not pressured or embarrassed by counsel or the court in an attempt to “rehabilitate” them when they have expressed sincere doubt about their ability to be fair when their doubt stems from actual adverse past personal experiences. Indeed, I would take the majority opinion one step further and hold that where a juror’s expressed reservations about his or her ability to be fair and impartial arise from the juror’s personal experience, true “rehabilitation” of that juror is not possible.
This Court has long held that if there is a basis for any reasonable doubt as to a juror’s ability to render a fair and impartial verdict, that juror should be excused. See Singer, 109 So.2d at 23. As the majority aptly points out, a juror’s statement that he or she will base his or her verdict solely on the evidence and law is not determinative where it appears from other statements that the juror is not “possessed of a state of mind which will enable him to do so.” Id. at 24. This Court correctly noted in Parker that “[i]n evaluating a juror’s qualifications, the trial judge should evaluate all of the questions and answers posed to or received from the juror.” Parker, 641 So.2d at 373. The existence of a juror’s true lack of bias may not be judged simply based on the last response in a long line of questions and answers which finally result in a promise by that juror to consider all the evidence and be fair. In this case, the totality of the juror’s questions and answers, which were initially and strongly based on her actual life experience, discloses that she had serious reservations about whether she could put aside her deeply held, adverse feelings about the crime of burglary in order to render a completely fair and impartial verdict. Only after lengthy efforts at “rehabilitation,” taking place over the course of several days, did the juror relent and concede *492 that she would put aside her concerns and abide by the evidence and the law.
As long ago as 1911, this Court held that if a prospective juror “is sensible of any bias or prejudice, he is excluded by the law.” Walsingham v. State, 61 Fla. 67, 56 So. 195, 198 (1911) (quoting Richardson v. Planter’s Bank of Farmville, 94 Va. 130, 26 S.E. 413, 413 (1896)). This same tenet was reiterated in Singer. See 109 So.2d at 23. Certainly, the juror at issue in the present case was “sensible” of her own prejudice based on her early unpleasant experience with the crime of burglary, which sensibility should have been honored by the court and counsel.
A juror’s fairly expressed, honestly held belief that he or she cannot be fair based on an unfortunate past life experience— and not simply based on a misunderstanding of the law — is not so easily overcome simply because counsel and the court manage to extract promises of fairness after much questioning. Such a process does not necessarily dispel the reasonable doubt that appertains to the juror’s initial honest statement of his or her personal feelings and beliefs. It certainly did not dispel such a reasonable doubt in this case. For the reasons expressed in the majority opinion, I fully concur.
PARIENTE, LEWIS, and PERRY, JJ., concur.